## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

**CM P-MAX IV LIMITED and
NORTHERN MARINE MANAGEMENT
LIMITED,**
      **Plaintiffs,**

**vs.**

**SCORPIO TANKERS INC., XIANG T39
HK INTERNATIONAL, and SCORPIO
COMMERCIAL MANAGEMENT**
      *In Personam*

**And**

**M/V STI GARNET (IMO 9629952),
Her engines, tackle, gear and
appurtenances,** *In Rem,*
      **Defendants.**
-------------------------------------------------------------x

**Civil Action No.: _____**

**VERIFIED COMPLAINT IN
ADMIRALTY AND
PRAYER FOR *IN REM* ARREST**

Now come the Plaintiffs, CM P-MAX IV LIMITED and NORTHERN MARINE MANAGEMENT LIMITED, by and through their undersigned counsel, FREEHILL HOGAN & MAHAR LLP, and proceed against Defendant, SCORPIO TANKERS INC., XIANG T39 HK INTERNATIONAL, and SCORPIO COMMERCIAL MANAGEMENT, *in personam*, and against the Defendant Motor Vessel, STI GARNET (IMO 9629952), her engines, tackle, apparel, furniture, rigging, and all other necessaries appurtenant thereto *in rem*.

### JURISDICTION

1.      This Honorable Court has subject matter jurisdiction based upon 28 U.S.C. § 1333(1). This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure. Plaintiffs invoke the special relief provided in Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure for the arrest, condemnation, and sale of the Defendant Motor Vessel STI GARNET.

2.      This Honorable Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 insofar as the neither Defendants reside in the same jurisdiction as either of the Plaintiffs and the amount in controversy is greater than $75,000.00.

3.      This Honorable Court has specific personal jurisdiction over Defendant, SCORPIO TANKERS INC., XIANG T39 HK INTERNATIONAL, and SCORPIO COMMERCIAL MANAGEMENT and against the Defendant Motor Vessel, STI GARNET (IMO 9629952), insofar as Defendants' actions, omissions, and / or effects of same constitute a maritime tort occurring in the navigable waters of the United States within and/or adjacent to this District, Plaintiffs' claims herein arise out of and relate to Defendants' actions, omissions, and / or effects of same in the navigable waters of the United States within and/or adjacent to this District, and the assertion of personal jurisdiction by this Honorable Court over Defendants is reasonable and comports with the notions of fair play and substantial justice.

## PARTIES

4.      Plaintiff, CM P-MAX IV LIMITED, is a private company registered in Bermuda with its principal place of business in Bermuda. At all relevant times hereto, Plaintiff, CM P-MAX IV LIMITED, was the owner of the M/V STENA PERFORMANCE (IMO 9299159).

5.      Plaintiff, NORTHERN MARINE MANAGEMENT LIMITED, is a private limited company registered in Scotland with its principal place of business in Scotland. At all relevant times hereto, Plaintiff, NORTHERN MARINE MANAGEMENT LIMITED, was the managing company of the M/V STENA PERFORMANCE (IMO 9299159).

2

6.      Upon information and belief, Defendant, SCORPIO TANKERS INC. is a foreign business corporation registered in the Marshall Islands with a principal place of business at 150 East 58th Street, New York, New York 10155. At all relevant times hereto, Defendant, SCORPIO TANKERS, INC. was, and still is, the ultimate and beneficial owner of the M/V STI GARNET (IMO 9629952).

7.      Upon information and belief, Defendant, XIANG T39 HK INTERNATIONAL, is a foreign business corporation with a principal place of business at Le Millenium, 9, boulevard Charles III, 98000 Monaco-Ville, Monaco. At all relevant times hereto, Defendant, XIANG T39 HK INTERNATIONAL was, and still is, the registered owner of the M/V STI GARNET (IMO 9629952).

8.      Upon information and belief, Defendant SCORPIO COMMERCIAL MANAGEMENT, is a foreign business corporation with a principal place of business at Le Millenium, 9, boulevard Charles III, 98000 Monaco-Ville, Monaco. At all relevant times hereto, Defendant, SCORPIO COMMERCIAL MANAGEMENT was, and still is, the commercial manager of the M/V STI GARNET (IMO 9629952).

9.      Defendant Vessel, M/V STI GARNET (IMO 9629952), is a commercial tanker vessel of steel construction, approximately 183 meters in length and having a 32.24-meter beam. Upon information and belief, the M/V STI GARNET, her engines, tackle, apparel, furniture, equipment, rigging and all other necessaries thereto is not presently, but on information and belief trades to New York and New Jersey and may in the future be,  located in the jurisdiction in which this action is brought.

## FACTS

10.     The M/V STENA PERFORMANCE is a 182.9 meter tanker vessel, of steel construction, and with a home Port of Hamilton, Bermuda.

11.     On the morning of April 29, 2017, the M/V STENA PERFORMANCE was in all respects safely and adequately moored and made fast to Buckeye Global Marine Terminal in Port Reading, New Jersey which is located on the west bank of the Arthur Kill River. The M/V STENA PERFORMANCE was starboard side to the terminal, with the ship's bow pointed in a southerly direction.

12.     At all relevant times herein, the M/V STI GARNET was transiting north bound in the narrow channel on the Arthur Kill River adjacent to the Buckeye Global Marine Terminal and passed the moored the M/V STENA PERFORMANCE port-to-port.  At approximately 0222 hours local time, the port side of the M/V STI GARNET, which was underway and making way, passed the port side of M/V STENA PERFORMANCE, which was moored.

13.     As the M/V STI GARNET passed the M/V STENA PERFORMANCE, the M/V STI GARNET generated a wake, a movement of water, which was proportional to the vessel's speed and size.

14.     The M/V STI GARNET was transiting at an unnecessarily high and unsafe rate of speed and was navigating on the wrong side of the Arthur Kill River narrow channel, namely to the west and on the New Jersey side of the narrow channel midline rather than as near to the outer limit of the narrow channel on her starboard side as was required.

15.     As a result of the M/V STI GARNET's unsafe speed and failure to navigate as near to the outer limit of the narrow channel on her starboard side as was required, the M/V STI GARNET generated a larger wake in close proximity to the moored M/V STENA

4

PERFORMANCE than had she been proceeding at a slower and safe speed and navigating at the outer limit of the channel on her own starboard side as was required.

16.     The M/V STI GARNET created a wake sufficient to break the M/V STENA PERFORMANCE from her moorings, pull the vessel away from Buckeye Global Marine Terminal, and into the channel.

17.     The M/V STENA PERFORMANCE then drifted southbound on the Arthur Kill River.

18.     Several nearby vessels came to the aid of the M/V STENA PERFORMANCE as her crew worked to start her main engine. Before the M/V STENA PERFORMANCE could be brought under control, she made contact with an aid to navigation, a buoy and its anchor chain, that was located on the west side / New Jersey side of the navigable channel of the Arthur Kill River.

19.     The M/V STENA PERFORMANCE hooked the aid to navigation with her propeller, dragging the buoy and its chain from its location.

20.     The contact caused significant damages to the aid to navigation as well as to the M/V STENA PERFORMANCE's hull, rudder, propeller and other propulsion-related equipment.

21.     The M/V STENA PERFORMANCE also damaged two (2) pipeline connections at Buckeye Global Marine Terminal when she was caused to break from her moorings by the wake caused by the M/V STI GARNET.

22.     Pursuant to the Inland Navigation Rules, 33 C.F.R. 83 *et seq.*, the M/V STI GARNET had a duty at all times proceed at a safe speed, appropriate to the prevailing

circumstances and conditions while transiting the Arthur Kill River including but not limited to the presence of moored vessels adjacent to the narrow channel.

23.    Pursuant to the Inland Navigation Rules, 33 C.F.R. 83 *et seq.*, the M/V STI GARNET had a duty to proceed as near to the outer limit of the narrow channel on her starboard side as was safe and practicable.

24.    The aforesaid wake damage and resulting allision were not caused, or contributed to, by any fault or neglect on the part of the M/V STENA PERFORMANCE, but on the contrary, were caused wholly by, and due solely to the fault, neglect, want of care, and violation of affirmative statutory obligations on the part of Defendants and those in charge of the M/V STI GARNET in the following respects, among others, which will be more fully shown at the trial of this cause:

    a.  The M/V STI GARNET was not in the charge of competent persons.

    b.  The M/V STI GARNET failed to keep a proper lookout.

    c.  The M/V STI GARNET failed to proceed at a safe speed.

    d.  The M/V STI GARNET failed to keep as near to the outer limit of the Arthur Kill River which lies on her own starboard side as was safe and practicable.

    e.  The M/V STI GARNET failed to slow and alter course when approaching close aboard a moored vessel and the danger of wake damage was, or should have been apparent.

    f.  The M/V STI GARNET failed to take any action avoid causing the wake damage.

25.    In light of the aforesaid violations of the Inland Navigation Rules, 33 C.F.R. 83 *et seq.*, and / or other statutory violations, liability for any damages suffered by the M/V STENA PERFORMANCE lies with the M/V STI GARNET.

524737.1

26.     Absent the aforesaid violations, the M/V STENA PERFORMANCE would not have broken away from her moorings.

27.     In light of the aforesaid violations of the aforesaid Inland Navigation Rules and / or other statutory violations, liability for any damages suffered by the M/V STENA PERFORMANCE lies with the M/V STI GARNET unless she can show that that the aforesaid violations could not have been a cause of the M/V STENA PERFORMANCE being caused to break away from her moorings.

28.     As a consequence of the aforesaid wake damage, the M/V STENA PERFORMANCE has suffered loss and damage consisting of temporary and permanent repairs to her hull, propeller, rudder, and related equipment, pilotage and towage costs, costs in salvaging and replacing the aid to navigation, salvage costs related to those vessels that came to the aid of the M/V STENA PERFORMANCE, and damages to Buckeye Marine Terminal, all totaling $**351,766.00** as best can be calculated at the present time. Plaintiffs reserve their right to amend their claims for damages, both as to quantum and type, based upon the evidence adduced at trial. Although demand has been made to Defendants, no part of which has been paid.

29.     By reason of the foregoing, Plaintiffs, CM P-MAX IV LIMITED and NORTHERN MARINE MANAGEMENT LIMITED, have sustained losses presently estimated to be no less than **$351,766.00** which will be shown with specificity at trial, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiffs respectfully pray that his Honorable Court:

1.     Issue process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, against Defendant Vessel, M/V STI GARNET, her engines, tackle, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto;

524737.1

2.    Cite all persons having or claiming to have any interest therein to Appear and Answer this Verified Complaint;

3.    Enter Judgment in favor of Plaintiffs for the full amount of damages caused, as will be more fully shown at trial, with interest, costs, and reasonable attorneys' fees, and order Defendant Vessel, M/V STI GARNET, condemned and sold to pay its debts;

4.    Enter Judgment against Defendants, SCORPIO TANKERS INC., XIANG T39 HK INTERNATIONAL, and SCORPIO COMMERCIAL MANAGEMENT, jointly and severally, for the full amount of damages caused, as will be more fully shown at trial, and as aforesaid, including any outstanding deficiency which may accrue pursuant to the public sale of said Vessel, together with interest, costs, and reasonably attorneys' fees; and

5.    Grant Plaintiffs such other, further, and different relief as this Honorable Court and justice may deem just and appropriate under the circumstances.

Dated: Roseland, New Jersey
       April 28, 2020

                              CM P-MAX IV LIMITED and
                              NORTHERN MARINE MANAGEMENT
                              LIMITED
                              By their attorneys,
                              **FREEHILL HOGAN & MAHAR LLP**

                              Eric J. Matheson
                              Matthew J. Pallay
                              103 Eisenhower Parkway, Suite 400
                              Roseland, New Jersey 07068
                              T: (973) 623-5514 | F: (973) 623-3813
                              *matheson@freehill.com*
                              *pallay@freehill.com*

## **ATTORNEY VERIFICATION**

Pursuant to Local Admiralty and Maritime Rule 9.2 (e)(3), and Local Rule 11.2, ERIC J. MATHESON, being duly sworn, deposes and says as follows:

1.     I am a Partner in the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing VERIFIED COMPLAINT IN ADMIRALTY AND PRAYER FOR IN REM ARREST and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are review of the communications, information and documentation provided by Plaintiffs and / or their representatives.

3.     The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are a foreign entities, none of whose officers are presently within this Judicial District. I affirm that I am authorized to make this Verification on behalf of Plaintiffs.

4.     Pursuant to Local Rule 11.2, this matter in controversy, which is the subject of VERIFIED COMPLAINT IN ADMIRALTY AND PRAYER FOR IN REM ARREST is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

Eric J. Matheson

524737.1